Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David W. McKeague | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 171 | **DATE** | 6/20/2001 |
| **CASE TITLE** | EEOC v. Scientific Colors | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: EEOC's objection to Magistrate Judge Levin's order of 5/22/01 is overruled.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 3 2001 | 68 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/27/2001 | |
| | | FILED FOR DOCKETING  01 JUL -3 PM 2:41 | date mailed notice |
| GL | courtroom deputy's initials | | GL |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NORMAN JONES, et al.,

    Plaintiffs,

v.

SCIENTIFIC COLORS, INC.,
d/b/a APOLLO COLORS, INC.,

    Defendant.
_____/

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

SCIENTIFIC COLORS, INC., d/b/a
APOLLO COLORS,

    Defendant.
_____/

HON. DAVID W. McKEAGUE*

Case No. 99 C 1959

Case No. 00 C 0171

DOCKETED
JUL 3 2001

## MEMORANDUM OPINION AND ORDER ON
## OBJECTIONS TO VARIOUS MAGISTRATE JUDGE RULINGS

On May 22, 2001, Magistrate Judge Ian H. Levin issued an order granting the motion of the individual plaintiffs to compel discovery into financial matters. Defendant Scientific Colors has timely filed objections.[1] In connection with defendant's continued refusal to disclose the requested financial information, plaintiffs

---

*United States District Judge, Western District of Michigan, sitting by designation.

[1] The objections were filed on June 6, 2001, the tenth working day after issuance of the subject order, and are therefore timely, pursuant to Fed. R. Civ. P. 6(a).

have also moved the Court to find defendant in contempt and to award discovery sanctions. Defendant has also objected to the magistrate judge's May 22, 2001 order denying, in part, its motion to compel response by the individual plaintiffs to its third set of interrogatories. Finally, the Equal Employment Opportunity Commission("EEOC") has objected to the magistrate judge's May 24, 2001 order based on *in camera* review of documents.

The Court now addresses all three matters based on the briefs filed by the parties. A magistrate judge's ruling on a non-dispositive matter will be disturbed only if clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

I

Defendant contends the ordered disclosure of private information concerning its financial status is contrary to the governing law in the Seventh Circuit. Plaintiffs have sought disclosure of defendant's financial status contending it is relevant to assessment of their claim for punitive damages. Indeed, in *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 (1993), the Supreme Court considered the corporate defendant's wealth a legitimate and typical factor in evaluating a punitive damages award. Defendant maintains this is not the law of the Seventh Circuit, citing *Kemezy v. Peters*, 79 F.3d 33, 36 (7th

Cir. 1996), and *Zazú Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508 (7th Cir. 1992).

In *Kemezy*, the court held simply that a plaintiff who seeks punitive damages is not *required* to present evidence of the defendant's net worth. 79 F.3d at 36-37. *Kemezy* thus represents weak authority for the proposition that defendant's financial status is irrelevant.

In *Zazú Designs*, the court struck down an award of compensatory and punitive damages for lack of an adequate evidentiary foundation. 979 F.2d at 506-09. The *Zazú* opinion includes dictum concerning the inappropriateness of considering a corporate defendant's wealth or net worth in assessing punitive damages. *Id.* at 508-09. In subsequent district court rulings, this dictum has been construed rather expansively. *See Pivot Point Int'l, Inc. v. Charlene Products, Inc.*, 932 F.Supp. 220, 223 (N.D. Ill. 1996)(excluding evidence of defendant's financial condition as irrelevant to punitive damages claim under federal law); *Yund v. Covington Foods, Inc.*, 193 F.R.D. 582, 586-89 (S.D. Ind. 2000)(holding that *Zazú Designs* is controlling precedent and denying motion to compel disclosure of corporate defendant's financial information).

The Court has carefully reviewed the above authorities and remains unpersuaded, at this stage, that the *Zazú Designs* dictum

represents controlling authority. Defendant has failed to demonstrate that the magistrate judge's order compelling disclosure of the subject financial information is clearly erroneous or contrary to law. Accordingly, defendant's objection is overruled and the magistrate judge's order is hereby **SUSTAINED**. Defendant shall make the required disclosures within ten days of the date of this order.[2]

## II

Plaintiffs' motion for contempt order and discovery sanctions, growing out of defendant's failure to comply with the magistrate judge's order compelling disclosure of financial information, is hereby **DENIED**. Defendant was entitled to timely object to the magistrate judge's ruling. Now that the objection has been overruled, however, prompt compliance is required.

## III

In its third set of interrogatories served on plaintiffs, defendant asked plaintiffs to identify documents in their control or in the control of their attorneys reflecting communications between plaintiffs and the law firm of Spesia, Ayers & Ardaugh during 1998. On May 22, 2001, the magistrate judge granted defendant's motion to compel only to the extent of requiring

---

[2]This ruling is without prejudice to defendant's right to renew its objection in a pre-trial motion in limine.

-4-

plaintiffs' counsel, John Foreman, to state in an affidavit whether counsel had any documents responsive to the interrogatories. Mr. Foreman produced the affidavit, attesting:

> 1. I have reviewed the files relating to the above-captioned case, and have determined that no documents responsive to the Defendant's Third Set of Interrogatories are present in those files.

In objecting to the magistrate judge's order, defendant challenges the truthfulness of the affidavit.

Obviously, plaintiffs cannot be compelled to produce what they do not have. By ordering plaintiffs' counsel to state whether counsel had any documents responsive to defendant's request, the magistrate judge took an appropriate measure to ascertain whether further substantive response could be made. There is nothing clearly erroneous or contrary to law in the order, and it is therefore **SUSTAINED** over objection. If defendant is aggrieved by the form or contents of the affidavit, then it must pursue some other remedy.

IV

On May 14, 2001, the Court issued an order requiring defendant to submit documents to the magistrate judge for *in camera* review and eventual disclosure of appropriate documents to the EEOC. After *in camera* review, the magistrate judge ordered disclosure of all but 18 pages of the submitted documents. The EEOC now objects

to the nondisclosure of these 18 pages. The EEOC is not entirely satisfied with the magistrate judge's explanation of the reasons for nondisclosure.

The Court has conducted *in camera* review of the subject 18 pages and finds no error in the magistrate judge's assessment. All of these pages either bear little or no relevance to substantiation of defendant's affirmative defense or include comments reflecting mental impressions of an attorney or other representative of defendant concerning the litigation which are protected by the work product privilege. The magistrate judge committed no clear error and the EEOC's objection is hereby **OVERRULED**.

**IT IS SO ORDERED.**

Dated: June 20, 2001

/s/ David W. McKeague
DAVID W. McKEAGUE
UNITED STATES DISTRICT JUDGE