Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David W. McKeague | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 171 | DATE | 7/9/2001 |
| CASE TITLE | EEOC v. Scientific Colors | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: The Court thus finding that the magistrate judge's denial of defendant's motion to quash is neither clearly erroneous nor contrary to law, the same is hereby sustained and defendant's objections are overruled.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 7/24/2001 | |
| | | 01 JUL 25 PM 2:42 | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NORMAN JONES, et al.,

    Plaintiffs,

HON. DAVID W. McKEAGUE*

v.

Case No. 99 C 1959

SCIENTIFIC COLORS, INC.,
d/b/a APOLLO COLORS, INC.,

    Defendant.
_____/

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Case No. 00 C 0171

    Plaintiff,

v.



SCIENTIFIC COLORS, INC., d/b/a
APOLLO COLORS,

    Defendant.
_____/

MEMORANDUM OPINION AND ORDER
SUSTAINING MAGISTRATE JUDGE'S RULING

On June 1, 2001, Magistrate Judge Ian H. Levin issued a bench ruling denying the motion of defendant Scientific Colors, Inc., to quash the notice of deposition of its attorney Daniel V. Kinsella. Defendant has timely filed objections. The magistrate judge's ruling may be modified or set aside only if clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

---

*United States District Judge, Western District of Michigan, sitting by designation.

Neither defendant nor plaintiff Equal Employment Opportunity Commission("EEOC") has provided the Court with a transcript of Magistrate Judge Levin's bench ruling. Nonetheless, it is apparent that he refused to quash the notice of deposition based, at least in part, on this Court's May 14, 2001 determination that Scientific Colors had impliedly waived any work product privilege and opened the door to discovery by asserting - as an affirmative defense to plaintiff's racial harassment claims - that it has exercised reasonable care to prevent and promptly correct harassing behavior, as evidenced by its own undercover investigation of the workplace.

Defendant does not take issue with the Court's May 14, 2001 ruling. Defendant argues, however, that deposition of its counsel threatens an intrusion upon the attorney-client relationship that goes beyond the limited scope of its implied waiver of the work product privilege. Observing that depositions of opposing counsel are disfavored, see Madanes v. Madanes, 199 F.R.D. 135, 151 (S.D. N.Y. 2001), defendant contends the EEOC has failed to satisfy the prerequisites to such an extraordinary measure by demonstrating that: "(1) no other means exist to obtain the sought-after information, (2) the information at issue is both relevant and not privileged, and (3) the information in question is crucial to the discovering party's trial preparation." Id.

The Court disagrees. Attorney Kinsella has acknowledged that the undercover investigation was initiated at his instance. The EEOC has also demonstrated that Mr. Kinsella was actively involved in directing the investigation. By asserting its undercover investigation as a reasonable measure undertaken to prevent and correct harassment, defendant has placed the nature and scope of the investigation at issue. Mr. Kinsella, in his capacity as investigator, rather than legal advisor, appears to be uniquely qualified to explain the scope of the investigation and its findings, as well as the responsive actions taken by Scientific Colors. The EEOC is therefore entitled to make pertinent inquiry of him in furtherance of assessing the reasonableness of the investigation.

Accordingly, the Court concludes that even under the *Madanes* standard, attorney Daniel Kinsella is properly subject to deposition in this *limited* extent. *See Harding v. Dana Transport, Inc.*, 914 F.Supp. 1084, 1103 n.13 (D.N.J. 1996)(observing, under similar circumstances, that allowing deposition of the defendant's counsel, as investigator, was not intended to expose all aspects of his professional association with his client, but only the nature and scope of the investigation).

The Court thus finding that the magistrate judge's denial of defendant's motion to quash is neither clearly erroneous nor

contrary to law, the same is hereby **SUSTAINED** and defendant's objections are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: July **9**, 2001

/s/ David W. McKeague
DAVID W. McKEAGUE
UNITED STATES DISTRICT JUDGE